late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

HANG HUI ZOU, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 04–1883–ag.

United States Court of Appeals, Second Circuit.

April 25, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Susan J. Steele, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Hang Hui Zou, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ's") denial of his applications for asylum, withholding of removal, and relief under the

Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ, the Court reviews the IJ decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ found Zou to be lacking in credibility for the following reasons. First, the IJ found that Zou's testimony was inconsistent with statements in his airport interview. The IJ noted that Zou testified that he had been detained for one week, whereas, at the airport, he denied ever having been arrested. The IJ also found that Zou had failed to mention anything about Falun Gong during his airport interview, and had instead said that he feared being imprisoned in China for having left there illegally. Additionally, when asked at the airport why he came to the United States, he responded that his purpose was to continue his education. Although this Court has elaborated on several factors that may undermine the reliability of airport interviews, none of those factors appear to have affected Zou's statements regarding the issues raised by the IJ here. *See Ramsameachire*, 357 F.3d at 179; *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 396–97 (2d Cir. 2005). Thus, the airport interview merits consideration in evaluating Zou's credibility. The inconsistencies raised by the IJ

go to the heart of Zou's claim, calling into question whether he was persecuted and his motivations for fleeing China.

Next, the IJ reviewed the inconsistencies between Zou's testimony and asylum application. The IJ pointed out that Zou had testified that he was released because authorities had no evidence to incriminate him, whereas his asylum application stated that his family paid 2000 yuan for his release. Zou failed to mention the 2000 yuan until asked again on cross and denied having been asked during direct. The IJ also found that Zou testified that authorities beat him to elicit names of any Falun Gong practitioners, whereas his application stated that authorities wanted the names of his fellow protesters. Additionally, the IJ found that Zou's description of the injuries he suffered while detained were different from a description given in an affidavit allegedly written by his mother. These inconsistencies regarding the details of Zou's past persecution are supported by the record and undermine Zou's claim of past persecution.

The IJ also implied that Zou's credibility was undermined by his failure to offer witnesses or affidavits from people with whom he allegedly continues to practice Falun Gong. The IJ properly pointed out their absence and determined such affidavits to be reasonably available since Zou allegedly practiced Falun Gong with them frequently. *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003). Accordingly, Zou's inconsistent statements, the implausible minor injuries from being beaten, and failure to provide affidavits of reasonably available witnesses were specific, cogent reasons to support the IJ's adverse credibility determination, which bore a legitimate nexus to that finding. *See Secaida–Rosales*, 331 F.3d at 307.

Because Zou did not argue his CAT claim in his petition for review, the claim is

deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).